**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESSICA WOLF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1097-M |
| | ) |
| STATE FARM AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is State Farm and Casualty Company's ("defendant") Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support and, Subject Thereto, Defendants' Original Answer and Demand for Jury, filed October 14, 2014. On November 5, 2014, plaintiff responded. Based on the parties' submissions, the Court makes its determination.

I.  Background

Plaintiff filed this action in the District Court of Pottawatomie County, State of Oklahoma. On October 7, 2014, defendant removed this action to this Court. In her Complaint,[1] plaintiff alleges she entered into a contract for insurance with defendant. On or about May 23, 2013, plaintiff's property insured by defendant was damaged due to a hailstorm. Plaintiff alleges she timely and properly submitted a claim to defendant for the property damage due to the hailstorm and that defendant confirmed that the cause of plaintiff's property damage was due to the hailstorm and that the loss was covered under the terms and conditions of the insurance

---

[1] Plaintiff originally filed a Petition [docket no. 1-1] in the District Court of Pottawatomie County, State of Oklahoma. For purposes of this Order, the Court will refer to plaintiff's Petition as Complaint.

policy provided by defendant. Plaintiff now alleges that defendant has breached its contractual obligations for failing to pay plaintiff all benefits owed.

Plaintiff alleges the following causes of actions against defendant: (1) breach of contract; (2) bad faith; (3) breach of fiduciary duty; (4) negligence in the procurement of insurance; (5) constructive fraud and negligent misrepresentation; (6) negligent underwriting; (7) violation of the Oklahoma Consumer Protection Act; and (7) breach of the common law duty of good faith and fair dealing. Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this case for failure to state of claim upon which relief can be granted for the following causes of actions: (1) breach of contract; (2) bad faith (breach of the duty of good faith and fair dealing); (3) violation of the Oklahoma Consumer Protection Act; and (4) breach of fiduciary duty.

II.   Standard of Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to

relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Breach of Contract Claim

Defendant asserts that plaintiff has failed to state a claim for breach of contract. "A breach of contract suit requires three elements be proven: formation of a contract; a breach of that contract; and actual damages suffered from that breach." *Oltman Homes, Inc. v. Mirkes*, 190 P.3d 1182, 1185 (Okla. Civ. App. 2008). Plaintiff asserts that she has alleged the elements necessary to support her breach of contract claim. In her Complaint, plaintiff alleges:

> 5. Plaintiff entered into a contract for insurance with Defendant, STATE FARM to provide coverage for its [sic] property and its [sic] contents.
>
> 9. Thereafter Defendant, STATE FARM issued the Homeowners policy of insurance, Policy No. 96-EU-4122-5, to the Plaintiff.
>
> 13. Defendant, STATE FARM confirmed that the cause of Plaintiff's property damage claim was due to the hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, STATE

3

> FARM. Defendant, STATE FARM assigned a claim number of 36-337J-449.
>
> 20. [T]he Defendant, STATE FARM has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.
>
> 21. As a result of the Defendant, STATE FARM's breach of contract the Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.
>
> 22. The conduct of Defendant, STATE FARM was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

Def. Notice of Removal Exhibit 1 Petition ¶¶ 5, 9, 13, 20, 21, and 22.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has sufficiently stated a claim for breach of contract. Pursuant to Federal Rule of Civil Procedure 8(a)(2) and (3), a claim for relief must contain: (1) a short and plain statement of the claim showing the pleader is entitled to relief; and (2) a demand for relief sought. Reading plaintiff's Complaint as a whole, the Court finds that plaintiff has sufficiently put defendant on notice as to her claim by alleging that defendant breached the contract between plaintiff and defendant when it determined that the damage to plaintiff's property by the hailstorm was covered under the terms and conditions of plaintiff's insurance policy and then failed to pay plaintiff the benefits owed under the contract. Further, plaintiff has sufficiently alleged the relief sought. The Court finds that plaintiff's Complaint is more than a formulaic recitation of the elements, but actually sets forth a plausible breach of contract claim. As a result, plaintiff's breach of contract claim should not be dismissed.

B.  Breach of the Duty of Good Faith and Fair Dealing

Defendant asserts that since plaintiff has failed to state a valid breach of contract claim, plaintiff's claim that defendant acted in bad faith must also fail. The Court has already determined that plaintiff's breach of contract claim was sufficient; so, the Court must now determine if plaintiff has sufficiently pled a claim for the breach of the duty of good faith and fair dealing. In Oklahoma, "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort . . . ." *Christian v. Am. Home Assur. Co.*, 577 P.2d 899, 904 (Okla. 1977). In her Complaint, plaintiff alleges:

> 24. Defendant[], STATE FARM . . . owed a duty to Plaintiff to deal fairly and act in good faith.
>
> 25. Defendant[], STATE FARM . . . breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:
>
>    a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the May 23, 2013 hail storm in accordance with the terms and conditions of the insurance policy.
>
>    b. Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy.
>
>    c. Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.
>
>    d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1-1250.16 by wrongfully, intentionally, and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance policy.
>
>    e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

> f. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled under the terms and conditions of the insurance contract.
>
> g. Failing to conduct a fair and objective investigation of the damage to Plaintiff's property.
>
> h. Intentionally engaging in an outcome oriented investigation.
>
> i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost saving-mechanism.
>
> 29. As a direct and proximate result of Defendant[], STATE FARM's . . . unfair claims handling conduct, Plaintiff's claim was unnecessary delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, STATE FARM.
>
> 30. As a result of the Defendant[], STATE FARM's . . . conduct the plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Ten Thousand Dollars ($10,0000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.
>
> 93. Defendant['s] failure, as described above, to adequately and reasonable [sic] investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of good faith and fair dealing.

Def. Notice of Removal Exhibit 1 Petition ¶¶ 24, 25, 29, 30, and 93.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has sufficiently stated a claim that defendant breached the duty of good faith and fair dealing. Again, reading plaintiff's Complaint as a whole, the Court finds that plaintiff has put defendant on notice of her claim that defendant breached the duty of good faith and fair dealing

6

by alleging specific actions of the defendant that allows the Court to draw a reasonable inference that defendant breached the common law duty of good faith and fair dealing. As a result, plaintiff's claim for breach of the common law duty of good faith and fair dealing should not be dismissed.

    C.    <u>Oklahoma Consumer Protection Act</u>

> To recover under the Oklahoma Consumer Protection Act ("OCPA"), a consumer must show: "(1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Patterson v. Beall,* 19 P.3d 839, 846 (Okla. 2000). An unlawful practice includes "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral." 15 Okla. Stat. §§ 752(13); 753(20).

*Passenger Transp. Specialists Inc. v. Caterpillar Inc.*, No. CIV-12-0732-HE, 2014 WL 5092470, slip op., at *5 (W.D. Okla. Oct. 9, 2014). Further, "[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States" are exempted from the OCPA. *See* Okla. Stat. tit. 15, § 754. Defendant asserts plaintiff's Complaint fails to state a claim for a violation of the OCPA since her claims appear to arise out of the adjustment of insurance claims. Plaintiff contends that defendant's actions of

> (engaging in unconscionable conduct by accepting insurance premiums but refusing to pay benefits due and owing without a reasonable basis; offering products that provide illusory coverage; offering replacement cost coverage and then not explaining the two step process) are not the subject of regulation by the Department of Insurance.

Plf.'s Resp. at 5.

7

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to state a claim for violating the OCPA. Specifically, the Court finds that defendant is an insurer regulated by the Oklahoma Department of Insurance, and plaintiff's alleged actions against defendant all fall under the premise of doing business with an insurance company, actions regulated by the Oklahoma Department of Insurance. Since defendant's transactions are exempted from the OCPA, the Court finds plaintiff's claim for violation of the OCPA should be dismissed.

### D. Breach of Fiduciary Duty

"In order to prove a claim for breach of fiduciary duty, plaintiff must establish (1) the existence of a fiduciary relationship; (2) a duty arising out of the fiduciary relationship; (3) breach of the fiduciary duty; and (4) damages proximately caused by the breach of duty." *Miller v. Farmers Ins. Grp.*, No. CIV-10-466-F, 2012 WL 8017244, at *15 (W.D. Okla. Mar. 22, 2012). "[A] fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied, from which it can be said the minds have been met to create a mutual obligation." *Lowrance v. Patton*, 710 P.2d 108, 112 (Okla. 1985). Defendant asserts that it does not owe a fiduciary duty to plaintiff. Plaintiff contends that she has sufficiently pled that she relied on defendant's knowledge and experience in providing insurance.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has failed to state a claim for breach of fiduciary duty against defendant. Plaintiff alleges "[d]ue to the unequal bargaining power between Plaintiff and Defendant, the quasi-public nature of insurance, and the potential for Defendant to unscrupulously exploit that power at a time when

Plaintiff was most vulnerable, a special relationship akin to that of a fiduciary exists between Plaintiff and Defendant." Compl. ¶ 34. However, the Oklahoma Supreme Court has found that the special relationship that exists between an insured and insurer creates a nondelegable duty of good faith and fair dealing. *Wathor v. Mut. Assur. Adm'rs. Inc.*, 87 P.3d 559, 561-562 (Okla. 2004). Since the Court has already found that plaintiff has sufficiently pled a cause of action for breach of the duty of good faith and fair dealing, the Court finds that plaintiff's breach of fiduciary duty claim should be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART State Farm and Casualty Company's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support and, Subject Thereto, Defendants' Original Answer and Demand for Jury [docket no. 6] as follows:

(1) The Court denies defendant's motion to dismiss as to plaintiff's claims of breach of contract and breach of the common law duty of good faith and fair dealing[2]; and

(2) The Court grants defendant's motion to dismiss as to plaintiff's claims of violation of the Oklahoma Protection Act and breach of fiduciary duty and DISMISSES plaintiff's claims for the violation of the Oklahoma Protection Act and breach of fiduciary duty.

**IT IS SO ORDERED this 9th day of March, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Second Cause of Action Bad Faith, the Fourth Cause of Action Negligence in the Procurement of Insurance, the Fifth Cause of Action Constructive Fraud and Negligent Misrepresentation, and the Sixth Cause of Action Negligent Underwriting also still remain in this case.

9